UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3: 08-30-DCR |
| V. | ) ) ) | |
| HITACHI HOME ELECTRONICS (AMERICA), INC., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a products liability action involving a house fire and its alleged cause, a Hitachi television. On November 14, 2006, Emma and Lorenzo Hicks awoke to a fire in their Bedford, Kentucky home. The Hicks and five other family members were able to escape, but the house was almost completely destroyed. Plaintiff Kentucky Farm Bureau Mutual Insurance Company ("KFB"), as the Hicks' insurer, provided coverage in the amount of $164,490 for the house and its contents.

KFB and the Defendant Hitachi Home Electronics ("Hitachi") now dispute the cause of the fire. KFB alleges that a defect in a Hitachi television that was located in the Hicks' family room caused the fire. Hitachi counters that KFB simply has not met the standard for alleging such a defect. For the reasons discussed below, Hitachi's motion for summary judgment [Record No. 9] will be denied and KFB's action will go forward.

I.     **Background**

KFB has asserted claims against Hitachi for negligence, strict liability, and breach of warranty. The factual support for their claims stems from an investigation conducted by Eric Evans of the Forensic Fire Investigation Bureau.[1] Evans was contacted by KFB and performed an initial investigation the day after the fire. Through the course of his investigation, he met with Josh Jameil, chief of the Bedford Fire Department, and Lois Adair, a neighbor living across the street from the Hicks. After analyzing burn patterns on the house and the objects within the house, Evans concluded that the ignition source was a Hitachi television located on the east wall of the Hicks' family room. [Record No. 13] "After careful examination of the area of origin and its fire damage and burn patterns, it is the opinion of this investigator that the ignition source was the television." [Record No. 13, Attach. 3] Evans also explained that all fires require three components: oxygen, an ignition source, and a fuel. Here, oxygen was present and the fuel was the television cabinet, its components, and the wall behind it. However, Evams was unable to determine the exact electrical malfunction of the television because the damage to it was so extensive. [Record No. 13, Attach. 3] Along with Evans' report, KFB bases its suit on statements by other members of the family, alleging that they saw fire along the east wall of the family room where the television was located.

KFB originally filed their products liability claims in Trimble Circuit Court, but Hitachi removed the case to this Court on June 23, 2008. [Record No. 1] Hitachi's California

---

1.     Hitachi challenged the admissibility of Evans' expert witness testimony in an earlier motion. [Record No. 10] However, the Court found that Evans' opinions were reliable and grounded in relevant expertise. [Record No. 18]

citizenship and KFB's Kentucky citizenship, along with the alleged damages amounting to $116,850, allow this Court to exercise diversity jurisdiction over the claims.

### II. Kentucky Products Liability Law

Kentucky law applies to KFB's products liability claims. In Kentucky, a plaintiff may "bring a defective design claim under either a theory of negligence or strict liability. The foundation of both theories is that the product is unreasonably dangerous." *Ostendorf v. Clark Equip. Co.*, 122 S.W.3d 530, 535 (Ky. 2003) (quotation omitted). Either theory requires the manufacturer to take reasonable care to protect against foreseeable dangers. *Id*. Therefore, to prevail on either theory, a plaintiff must establish that a product is in a defective condition unreasonably dangerous to himself or his property. *See Wood v. Wyeth-Ayerst Laboratories, Div. of American Home Products*, 82 S.W.3d 849, 852 (Ky. 2002) (internal citations omitted); *Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky. 1985).

Hitachi argues that KFB has not established that a defect in the television existed. In support, Hitachi points to (1) Evans' deposition in which he states that he is unable to identify a specific defect and (2) the existence of other electronic devices or cords sitting on or near the television at the time of the fire.

Evans readily admits that he is unable to identify a defect, manufacturing or design, in the television.

> Q: Okay. Can you identify a manufacturing defect that existed in this television that caused the fire?
>
> Evans: No.

> Q: And, obviously, if you don't have the cord, you can't identify a manufacturing defect in the cord that caused the fire, right?
>
> Evans: That's correct.
> ...
> Q: Okay. And likewise, you have not identified a design defect in the television that you say caused the fire?
>
> Evans: That's correct.

[Record No. 9, p. 9] However, based on his investigation, Evans believes that the television was the probable cause of the fire. [Record No. 13, Attach. 4] KFB must prove that Hitachi's conduct was a substantial factor in bringing about KFB's harm. *Greene v. B.F. Goodriche Avionics Sys., Inc.*, 409 F.3d 784, 795 (6th Cir. 2005) (citing *King v. Ford Motor Co.*, 209 F.3d 886, 893 (6th Cir. 2000)). Direct evidence is not required. However, for circumstantial evidence to be sufficient, it must "tilt the balance from possibility to probability" that Hitachi's conduct was a substantial factor in causing the fire. *King*, 209 F.3d at 893 (citations omitted). In addition, KFB must introduce evidence that will support a reasonable inference that the defect was the "probable" cause of the accident as distinguished from a "possible" cause among other possibilities. *See Midwestern V.W. Corp. v. Ringley*, 503 S.W.2d 745, 747 (Ky. 1973). Here, KFB's expert has stated that he believes the television was the "probable cause" of the fire. Therefore, KFB's claim is based purely on circumstantial evidence.

Circumstantial evidence, like any other evidence, may establish necessary facts for a cause of action. In *Perkins v. Trailco Mfg. & Sales Co.*, 613 S.W.2d 855 (Ky. 1981), the Supreme Court of Kentucky considered a case in which a plaintiff was injured while operating a new dump trailer. There was no direct proof of a specific defect in the trailer, but the court

found that sufficient circumstantial evidence existed to submit the case to a jury, based in part on the fact that the plaintiff had negated other possible causes for the trailer's failure to function properly. *Perkins*, 713 S.W.2d at 858. As a result, the proof was "sufficient to tilt the balance from possibility to probability," and because "it might be reasonably inferred that the accident was caused by a defect," the court ruled in the plaintiff's favor. *Id.*

Hitachi cites two other cases in support of its argument: *Calhoun v. Honda Motor Co., Ltd.*, 738 F.2d 126 (6th Cir. 1984) and *Gray v. General Motors Corp.*, 133 F. Supp.2d 530 (E.D. Ky. 2001). Both cases appear to support the holding in *Perkins* in that each recognizes that reliance upon circumstantial evidence to establish a defect is appropriate where other possible causes have been eliminated. *See Calhoun*, 738 F.2d 126 at 131; *Gray*, 133 F. Supp.2d at 534. Hitachi argues that Evans did not eliminate other possible causes of the fire; namely, electronic devices and cords in the area of the television. There is some evidence that a DVD, VCR, and other electronic devices were near the television at the time of the fire. Evans discussed these electronic devices during his deposition, stating that he had examined them during the course of his investigation and found that they had been damaged from the exterior inward, leading him to conclude that they had been exposed to, rather than the cause of, the fire. [Record No. 13, Attach. 4]

Hitachi counters that Evans' opinion on the other devices is misinformed because Evans investigated the scene of the fire after fire personnel had moved the electronic devices off the television after the fire. In support, Hitachi tenders the following inconclusive statements from Michael Barns of the Bedford Fire Department:

> The, now I cannot say on a DVD player weather [sic] there was a DVD player, weather [sic] it was a VCR player, what type of player it was, but there was one moved around because it was laying down toward the floor. Uh, and there was a space heater that was between where they said the TV was in Alpha side of the building. [As far as the space heater was concerned,] now this is only speculation because I didn't get no tape out uh, your [sic] talking about it was, approximately within three foot of the TV.

[Record No. 9, Attach. 4] If true, the existence and location of such devices would undermine the basis of Evans' determination that those devices were not cause of the fire. Hitachi certainly presents facts which, if true, would weaken KFB's claims. However, these facts present a factual dispute and thus are an inappropriate basis for granting Hitachi's motion for summary judgment.

In a recent unpublished opinion in *Turpin v. Stanley Schulze & Co., Inc.*, 2009 WL 875218, at *6 (Ky. Ct. App. April 3, 2009), the Kentucky Court of Appeals addressed a products liability case that was also based upon circumstantial evidence. The plaintiff alleged that she had slipped and fallen as a result of hydraulic fluid that had leaked from a door closer on a glass door. The defendants argued that, although there was evidence that the door closer may have caused the fire, there was also a possibility that the fall was a result of water tracked into the lobby of the building. The plaintiff was unable to show with certainty that the door closer had been defective. However, the court found that the plaintiff had just barely tilted the scale "from possibility to probability" that the door closer was the cause of the accident. *Turpin*, 2009 WL 975129, at *6. Although the court found that the evidence was "by no means definitive on the issue of causation," it was sufficient to preclude summary judgment. *Id*.

### III.     Summary Judgment Standard

*Turpin* illustrates the difficult factual balance that must be struck in case of circumstantial evidence and summary judgment. Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Chao v. Hall Holding Co.*, 285 F.3d 415, 424 (6th Cir. 2002). The court's determination must rely on "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986); *Harrison v. Ash*, 539 F.3d 510, 516 (6th Cir. 2008). In making this determination, a court must review all the facts and the inferences drawn from those materials in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986).

KFB, as the nonmoving party, is entitled to the benefit of the doubt. As a result, although their case may be built upon one expert and Hitachi has questioned the basis for the expert's conclusion, the expert is qualified to testify and has concluded that the television was the source of the fire. He provided reasons for ruling out other possible causes, and any dispute Hitachi may have with such reasons is a factual dispute. In addition, other members of the Hicks family observed fire along the wall where the television was located. [Record No. 13] At the very least, KFB has presented sufficient evidence to create a jury issue on whether the television caused the fire. The jury may weigh the evidence as it chooses.

**IV.     Conclusion**

Viewing the evidence in the light most favorable to KFB, the Court will deny Hitachi's motion for summary judgment.  Sufficient evidence has been presented to support KFB's claims  Accordingly, it is hereby

**ORDERED** that Hitachi's motion for summary judgment [Record No. 9] is **DENIED**.

This 26th day of August, 2009.

Signed By:
*Danny C. Reeves*  DCR
United States District Judge